UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| GREGORY C. KRUG, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 1:08-0048 |
| v. ) | Judge Trauger/Brown |
| ) | |
| JONATHAN R. HAHN, ) | |
| ) | |
| Defendant ) | |

**TO: THE HONORABLE ALETA A. TRAUGER**

<u>REPORT AND RECOMMENDATION</u>

Presently pending is a motion by the Plaintiff for a change of venue to either the Eastern or Western District of Tennessee (Docket Entry 28). The Government has filed a response (Docket Entry 29). For the reasons stated below, the Magistrate Judge recommends that the motion for a change of venue be denied.

**Background**

The Complaint in this matter alleges that the Defendant violated the Plaintiff's Fifth Amendment right not to be deprived of his liberty without due process of law (Docket Entry 1). He alleges that the Defendant did this by making numerous false statements to the District Judge under the penalty of perjury, and that because of the statements, the District Judge issued a warrant for the Plaintiff's arrest. That arrest, he alleges, resulted in him being unconstitutionally incarcerated from August 17, 2007, to April 14, 2008. Plaintiff alleges that this resulted in $129,600

in actual damages and he seeks to increase this amount to $12,960,000 through punitive damages.

At the present time there is a motion to dismiss, which was filed on December 19, 2008 (Docket Entry 13). Because of the Plaintiff's transfer and other difficulties, the Magistrate Judge has granted the Defendant a number of extensions in which to respond to this motion. The Defendant is currently due to file a response to this motion to dismiss on or before May 26, 2009 (Docket Entry 26).

**Legal Discussion**

The Government, in their brief (Docket Entry 29), has correctly stated the law in this matter. Venue is governed by 28 U.S.C. § 1391 and the Supreme Court has squarely held, as the Government points out, in *Stafford v. Briggs*, 444 U.S. 527, that suits against Government employees in their individual capacity, which seek money damages, must be brought under 28 U.S.C. § 1391(b) and not 1391(e). The provisions of 1391(b) make the Middle District of Tennessee the only judicial district in which there is proper venue over the Plaintiff. He resides in the Middle District of Tennessee, and the acts complained of occurred within the Middle District of Tennessee. 28 U.S.C. § 1404 does provide for a change of venue for the convenience of parties and witnesses in the interest of justice. However, the transfer may only be made to any other district or division where it might have been brought. From

2

a review of the record, there is no suggestion that venue would have been proper in either the Eastern or Western District of Tennessee. Accordingly, there is no basis for a change of venue in this case.

The Plaintiff's motion is not accompanied by a memorandum of law required by the Local Rules and the motion itself cites no statutory basis for such a transfer.

The Magistrate Judge notes that in the Government's response (Docket Entry 29) they attach what is listed as a motion with this case style and number, which was signed by the Plaintiff, apparently, on April 6, 2009. A review of the file does not indicate this motion was ever filed. The Clerk's office has advised that they did receive a similar motion in *United States v. Krug*, 3:98-cr-00138, which was docketed as Docket Entry 581, and this motion was subsequently denied by Judge Trauger (Docket Entry 584). If the Plaintiff intended to file such a motion in this case, he must send the original motion to the Clerk. Even if such a motion had been filed, it would not change the undersigned's report and recommendation in this matter. The Magistrate Judge can find no basis for a transfer to another district in this case. Accordingly, the Magistrate Judge must recommend that this motion be denied.

The Plaintiff is reminded that he must respond to the motion to dismiss by **May 26, 2009**, and that absent extraordinary

3

circumstances, the Magistrate Judge will not further extend that deadline.

## Recommendation

For the reasons stated above, the Magistrate Judge recommends that the motion to transfer venue to either the Eastern or Western District of Tennessee (Docket Entry 29) should be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has 10 days, from receipt of this Report and Recommendation, in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have 10 days, from receipt of any objections filed in this Report, in which to file any responses to said objections. Failure to file specific objections within 10 days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 13th day of May, 2009.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge