IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREGORY C. KRUG | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:08-cv-00048 |
| v. | ) |
| | ) |
| JONATHAN R. HAHN | ) |
| | ) |
| Defendant. | ) |

To: The Honorable Aleta A. Trauger

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Presently pending before the Magistrate Judge is the Defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. (DE 13). The Magistrate Judge has reviewed the Defendant's supporting memorandum (DE 14) and the Plaintiff's response (DE 33).

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that the Defendant's motion to dismiss be **granted** and that this action be **dismissed**.

### II. BACKGROUND

Plaintiff, Gregory Krug, was previously convicted and sentenced to prison time to be followed by three years of supervised release *United States v. Krug,* M.D. Tenn. Case No. 3:98-cr- 00138 ( DE 341). When released from prison in June 2007, Plaintiff's supervised release began and conditions for his supervised release were to remain in force *Id.* ( DE 389). Defendant, Jonathan R. Hahn, is a United States Probation Officer. He found that Plaintiff violated two

conditions of his release. *Id.* (DE 394). Plaintiff did not contest the violations. *Id.* (DE 444). His supervised release was revoked and he was sentenced to time served. *Id.* Plaintiff alleges that Defendant violated his 5th Amendment right by making false statements to Judge Campbell which resulted in Plaintiff "being unconstitutionally incarcerated from August 17 to April 14, 2008." (DE 1, ¶ 6).

## III. LEGAL DISCUSSION

### A. Standard of Review for Motion to Dismiss

A complaint may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pro se complaint is to be liberally construed and held to a less stringent standard than a complaint filed by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing Fed. R. Civ. P. 8(f)). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 ( 2007). However, for a complaint to survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

### B. Defendant's Motion to Dismiss

The Magistrate Judge finds that Plaintiff fails to state a claim upon which relief can be granted. First, Defendant has absolute immunity. Probation officers have immunity when they are ensuring whether someone is complying with terms of probation because this is a judicial function. *Loggins v. Franklin County, Ohio* 218 Fed. Appx. 466, 476 (6th Cir. 2007). Plaintiff argues in his response that Defendant should not have absolute immunity because he was not investigating whether Plaintiff was complying with terms of his probation. (DE 33). However,

this is not consistent with Plaintiff's complaint. In his complaint, Plaintiff alleges that Defendant lied to the Judge about probation violations resulting in his incarceration. (DE 1, ¶ 6). Reporting to the Judge is directly related to the judicial decision of whether someone is complying with probation conditions. *See Loggins*, 218 Fed. Appx at 476. Therefore, the Defendant has absolute immunity.

Furthermore, Plaintiff's complaint fails to state a claim because, even if Defendant had lied as Plaintiff alleges, this would not be a due process violation. Due process rights accrue when taken into custody. *See Moody v. Daggett*, 429 U.S. 78, 87 (1976). A probationer's due process rights entitle him to a preliminary hearing and a final revocation hearing. *Gagnon v. Scarpelli,* 411 U.S. 778, 782 (1973). Plaintiff alleges that Defendant's lies wrongly caused a warrant for his arrest to be issued. (DE 1, ¶ 6). Plaintiff does not allege in his complaint that his due process rights were violated after being taken into custody by an insufficient preliminary or final revocation hearing. (DE 1). Thus, Plaintiff does not state a plausible claim that his due process rights were violated.

Consequently, Defendant also has qualified immunity. "Government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). As stated above, Plaintiff fails to state a claim that Defendant violated his constitutional right. Therefore, the Defendant has qualified immunity.

Additionally, Plaintiff's complaint is barred by *Heck v. Humphrey* in which the Supreme Court held that:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In addition to § 1983 claims, *Heck* applies to *Bivens* claims. *Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998). In Plaintiff's complaint he alleges that he was "unconstitutionally incarcerated" (DE 1, ¶ 6). But, previously Plaintiff did not contest the probation violations, and Plaintiff's conviction has not been overturned. *United States v. Krug*, M.D. Tenn. Case No. 3:98- cr- 00138 ( DE 444). As a result, Plaintiff's claim is barred by *Heck*. In Plaintiff's response, he says that he conceded to the violations in order to receive medical treatment for his feet (DE 33, p. 9) but, even if true, this would not change the application of *Heck*.

Similarly, collateral estoppel bars Plaintiff from bringing this claim. For an issue to be precluded:

> (1) the issue in the prior proceeding must have been identical to the issue asserted in the current matter (2) the issue must have been actually litigated...(3) it must have been necessary and essential to the judgment on the merits...(4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in prior proceedings.

*United States v. 415 E. Mitchell Ave.*, 149 F.3d 472, 476 (6th Cir. 1998).

Plaintiff currently alleges that the Defendant lied about Plaintiff's probation violations. The truthfulness of the violations was previously litigated when Plaintiff conceded to the violations in the criminal proceeding to revoke his probation. This issue was essential to the judgment as the outcome depended on whether Plaintiff committed the alleged violations. Thus, collateral estoppel bars the Plaintiff's complaint.

The Defendant also argues that the law of the case doctrine precludes Krug's lawsuit. The law of the case doctrine declares "that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988). The court decided that Plaintiff violated conditions of his probation in a previous case, not a previous stage of the current case, so the law of the case doctrine does not apply. However, this does not impact the decision as there are numerous other reasons that the motion to dismiss should be granted.

## IV. CONCLUSION

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that the Defendant's motion to dismiss (DE 13) be **granted** and that this action be **dismissed**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party will have ten(10) days from receipt of any objections filed regarding this report to file a response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, reh'g denied, 474 U.S. 1111 (1986).

ENTERED this 22 day of June, 2009

                                               _____
                                               Joe B. Brown
                                               United States Magistrate Judge