**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION**

| | |
|---|---|
| GREGORY C. KRUG, ) | |
| ) | |
| Plaintiff, ) | Civil No. 1:08-0048 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| JONATHAN R. HAHN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM and ORDER**

The *pro se* plaintiff has filed a Motion requesting that this court certify for an interlocutory appeal its Order entered June 3, 2009 (Docket No. 35) and stay the case pending that interlocutory appeal. (Docket No. 40) The defendant has responded in opposition. (Docket No. 42) The plaintiff's motion is **DENIED**.

Interlocutory appeals may be granted when there is substantial ground for differing opinions regarding a controlling issue of law and when an immediate appeal from the order would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).[1] Interlocutory appeals are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule. *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 29 F. Supp.2d

---

[1] Section 1292(b) of Title 28 provides:
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

1

825 (S.D. Ohio 1998). Therefore, certification under section 1292(b) is to be "sparingly" applied. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993); *Kraus v. Bd. of Road Commissions*, 364 F.2d 919, 922 (6th Cir. 1966). Avoiding a piecemeal appeal is preferable except in the extraordinary type of case contemplated by § 1292(b). *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444 (6th Cir., 1974); *Krause*, 364 F.2d at 922.

Section 1292(b) applies to interlocutory orders that are not otherwise appealable and requires the existence of three elements: (1) it must involve a controlling question of law; (2) there must be substantial ground for difference of opinion about it; and (3) immediate appeal must materially advance the ultimate termination of the litigation. *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *Cardwell*, 504 F.2d at 446. While review is discretionary, "[i]nterlocutory appeal is favored where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens." *Gaylord Entm't Co. v. Gilmore Entm't Group*, 187 F. Supp.2d 926, 957 (M.D. Tenn. 2001). Moreover, interlocutory appeal is "most appropriate early in the proceedings," *id.*, and in "protracted and expensive litigation, where failure to resolve a question of law early in the case could lead to the placement of an enormous burden on the parties." *In re James River Coal Co.*, 2006 WL 3761965, at *3 (M.D. Tenn. 2006)(citations omitted).

None of the requirements for an interlocutory appeal of this court's June 3, 2009 Order are present in this case.

It is so **ORDERED.**

ENTER this 30th day of June 2009.

_____
ALETA A. TRAUGER
U.S. District Judge