UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **GREGORY C. KRUG** ] | |
|     **Plaintiff,** ] | |
| ] | |
| **v.** ] | **No. 1:08-0048** |
| ] | **Judge Trauger** |
| **JONATHAN R. HAHN** ] | |
|     **Defendant.** ] | |

## M E M O R A N D U M

On June 22, 2009, the Magistrate Judge issued a Report and Recommendation (Docket Entry No. 41) finding merit in the defendant's Motion to Dismiss (Docket Entry No. 13) and recommending to the Court that said motion be granted. The plaintiff has filed timely Objections (Docket Entry No. 45) to the Report and Recommendation, to which the defendant has filed a Response (Docket Entry No. 46). For the reasons stated below, the Court finds that plaintiff's Objections lack merit and should be overruled.

In June, 1999, a federal jury found the plaintiff guilty of three firearms-related offenses. United States v. Gregory Krug, Criminal No. 3:98-00138 (M.D. Tenn.)(Campbell, J., presiding). For these crimes, he received an aggregate sentence of one hundred twenty (120) months in prison, to be followed by three years of supervised release. *Id.* at Docket Entry No. 341.

Following his release from prison, the defendant became the plaintiff's Probation Officer. During the course of his duties, the defendant sought and obtained an arrest warrant for alleged violations of the plaintiff's supervised release. He was arrested and remained in custody to insure his appearance at a revocation hearing. A revocation hearing was held and the plaintiff did not deny

that, in two instances, he had violated the terms of his supervised release.[1] The plaintiff was found guilty of the violations and was sentenced to time served. He was then restored to supervised release status.

The plaintiff, proceeding *pro se*, brings this action against Jonathan Hahn, seeking damages.[2] The plaintiff alleges that the defendant committed perjury to obtain the arrest warrant and, as a result, he was "unconstitutionally incarcerated from August 17 to April 14, 2008."[3] Docket Entry No. 1 at pg. 3.

The Magistrate Judge correctly determined that the defendant was absolutely immune from liability for claims arising from proceedings to revoke probation or to impose additional conditions on probation. Loggins v. Franklin County, Ohio, 2007 WL 627861 (6th Cir.; 3/1/07); *see also* Figg v. Russell, 433 F.3d 593 (8th Cir. 2006)(parole agent entitled to absolute immunity); Woods v. Chapman, 2007 WL 1647882 (5th Cir.; 6/7/07). This absolute immunity extends to include acts associated with the decision to grant, revoke or deny probation, or the signing of an arrest warrant. Dawson v. Newman, 419 F.3d 656, 662 (7th Cir.; 2005). Thus, as a consequence of this absolute immunity, the plaintiff has failed to state a claim against the defendant for which relief can be granted.

In any event, the plaintiff is seeking damages for an allegedly unconstitutional period of

---

[1] The plaintiff was charged with the excessive use of alcohol and not being truthful with his Probation Officer. Docket Entry No. 1, Exhibit A; *see also* Criminal Case No. 3:98-00138 at Docket Entry No. 396.

[2] This action is being brought pursuant to Bivens, 403 U.S. 388 (1971), a case that recognized a cause of action against federal agents who, while acting under federal law, violate the rights of an individual.

[3] This period, from August 17, 2007 to April 14, 2008, represents the time that the plaintiff spent in jail awaiting his revocation hearing.

incarceration. In order for the plaintiff to obtain such relief, he must first plead and prove that the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). The Heck holding has been made applicable to claims raised under Bivens, *supra.* Robinson v. Jones, 142 F.3d 905, 906-907 (6th Cir. 1998). The plaintiff has made no such showing. Therefore, the Magistrate Judge properly found merit in the defendant's Motion to Dismiss. Accordingly, the Report and Recommendation shall be adopted and approved in all respects.

     An appropriate order will be entered.

                                              Aleta A. Trauger
                                              United States District Judge